IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-76,296






HENRY WATKINS SKINNER, Appellant



v.



THE STATE OF TEXAS






ON DIRECT APPEAL FROM THE TRIAL COURT'S RULING ON A MOTION
FILED IN CAUSE NO. 5216 IN THE 31ST JUDICIAL DISTRICT COURT

GRAY COUNTY




 Per Curiam.


O P I N I O N



 Approximately two weeks ago, appellant filed a motion in both this Court and the convicting
court in which he asked each court to:

 (1) vacate the trial court's October 20, 2009, order setting his execution date for February 24,
2010, and recall the void death warrant issued by the clerk of the court on November 13,
2009; and 


 (2) prohibit the trial court from setting a new execution date until this Court has denied post-conviction habeas corpus relief in his case (or issued mandate on a filed and set writ).

In response to the motion filed in the trial court, the trial judge issued an order in which he:

 (1) vacated his October 2009 order setting Skinner's execution date;

 (2) withdrew the November 13, 2009, death warrant; and 

 (3) set a new execution date of March 24, 2010.

Based upon the trial court's ruling and our own review of the motion, this Court thereafter denied
the identical motion that had been filed in this Court. Appellant now purports to appeal the part of
the trial court's order that sets a new execution date. Specifically, appellant argues that, because this
Court has never reviewed the merits of the claims he raised in a timely filed initial application for
writ of habeas corpus, the trial court did not have the authority to set his execution date.

 We lack appellate jurisdiction over appellant's claim. The Legislature prescribes the
jurisdiction of the appellate courts. (1) Conferring a defendant's general right to appeal, article 44.02
provides in relevant part: "A defendant in any criminal action has the right of appeal under the rules
hereinafter prescribed . . . ." (2) Our cases indicate that a "criminal action" no longer exists after a
defendant has been convicted and the direct appeal process from that conviction has been exhausted.
For example, in holding that a trial court has no jurisdiction to order postconviction DNA testing
when the statutory requirements were not met, we explained: "When a conviction has been affirmed
on appeal and the mandate has issued, general jurisdiction is not restored in the trial court." (3) Once
general jurisdiction has expired, and absent direction from a higher court, a trial court can act only
if, and to the extent, it is authorized to do so by a specific statutory source. (4) Likewise, we have held
that appellate jurisdiction to review a trial court's order relating to postconviction DNA testing is
limited to the appellate jurisdiction conferred by the DNA testing statute. (5)

 Appellant was convicted, and the direct appeal process from that conviction has been
exhausted. No statute specifically authorizes an appeal from a trial court's order setting an execution
date or from an order that denies a defendant's motion with respect to the setting of an execution
date. The appeal is dismissed. No motion for rehearing will be entertained.

Publish

Delivered: March 4, 2010





 
1. Wolfe v. State, 120 S.W.3d 368, 372 (Tex. Crim. App. 2003).
2. Tex. Code Crim. Proc. art. 44.02.
3. State v. Patrick, 86 S.W.3d 592, 594 (Tex. Crim. App. 2002).
4. Id. at 594-95.
5. Wolfe, 120 S.W.3d at 372 (no jurisdiction to review trial court's decision to deny appointed
expert assistance in connection with postconviction DNA testing); see also Patrick, 86 S.W.3d at
594 (State cannot appeal order for DNA testing that was entered outside the auspices of Chapter 64).